## Nolen's Appeal.

A husband converted to his own use money belonging to his wife which had been deposited in bank with the view to its being for her separate use: *Held,* that the wife was not entitled as a creditor to a dividend of his estate to the prejudice of his creditors. His expressions of regret at having used the money did not alter the case.

APPEAL from the decree of the Orphans' Court, *Philadelphia.*

This was an appeal by Nancy Nolen, from a decree of distribution of the balance of her account, as administratrix of the estate of Spencer Nolen, her late husband.

An auditor had been appointed to report distribution, and a claim of the accountant herself for $1610 was submitted to the auditor. Her claim arose as follows:—

In 1839, the father of the appellant, living in Boston, died, having devised his real estate to his wife for life, and, upon her decease, to his nine children, as tenants in common. In 1847, the widow died, and the real estate being sold, Mrs. Nolen's share of it amounted to $1617.68. A draft for that amount upon the Commercial Bank, Philadelphia, was drawn, payable to the order of Spencer Nolen, the husband, and it was testified that the letter containing the draft was addressed to her. The letter was received on 18th January, 1847. Nolen told his wife the money was hers. It was stated that he endorsed the draft, and that Mrs. Nolen handed it to her son to draw the money. He drew the amount and handed it to her. Her son testified that she requested him to put the money, except a small part of it, into the Farmers' and Mechanics' Bank for her, for safe keeping; and that he deposited it. He further said it was the understanding of his father that the money was to be kept for the separate use of his mother.

D

[Nolen's Appeal.]

It appeared that the husband used the money, and afterwards said it was her money, and expressed regret that he had used it. It did not appear that he had given to his wife any note or other written engagement for its payment. The claim of the wife was opposed by creditors of the husband.

The auditor disallowed the wife's claim, and his report was confirmed.

The opinion of THOMPSON, J., was, *inter alia*, as follows:— " The possession and use by a husband of his wife's money is very strong evidence of the conversion of it to his own use, and with the intent that her right to it shall be divested. This presumption arises in every case where the wife's chose in action is reduced into the possession of the husband; but it may be repelled by sufficient proof of a different intention. It may be shown even by parol proof, that the husband has the use of his wife's money for a limited or special purpose and with the intent to hold it in trust for her: Hinds' Estate, 5 *Wh.* 142. The evidence of the intent so to hold the wife's property, must be clear and unquestionable. Subsequent admissions of the fact are entitled to but little weight; and the evidence of such admissions, to have any effect, must be clear, positive, and consistent: Gray's Estate, 1 *Barr*, 329. * * *

" There certainly was no loan made to him (the husband) which he promised to repay, and the fact that he used the money several years prior to his death, without any question in regard to it by his wife, seems rather to indicate that it was taken into his possession with the hope of being able at some future time to return it, than any clear intent not to use it as his own. It is probable that when the money was received, the intestate had no intention of making use of it, but having it in his power he did apply it to his own use, and by so doing we think divested the right of his wife; and though Courts are always disposed to favor the claims of a wife to her choses in action, they cannot do so at the expense of creditors, unless her rights are more clearly established than they are in the present case. The report of the auditor is therefore confirmed."

Exception was taken on the part of the wife, to the decree against her claim.

*Cuyler*, for the appellant.—It was contended that the wife should be considered as a creditor, and allowed a dividend of the estate. A disclaimer by a husband of conversion to his own use may be established by the husband's admissions. His reduction of her property into his possession is but evidence of his exercise of ownership. To defeat his wife's right of survivorship, he must do some act, in reference to her chose in action, which is of a possessory character, and with the design of asserting his right of possession: 1 *Barr* 328; 2 *Id.* 71.

[Nolen's Appeal.]

The money was the proceeds of real estate, over which, if the property had been sold by order of Orphans' Court, the husband could not, by the law of Pennsylvania, have exercised control without a separate acknowledgment by the wife.

*G. M. Wharton* and *McIntyre*, for appellees.—It was said that whether the draft arose from real or personal estate was not material. The husband did not borrow the money. He had a right to use it: 2 *Barr* 73; 10 *Barr* 376.

The opinion of the Court was delivered by

Knox, J.—In 1847, Mrs. Nolen received from the estate of her father the sum of $1617.68, which she gave to her husband to deposit in bank for her use. He deposited it in the bank to his own credit, and used it.

Upon the death of the husband, his estate proved to be insolvent, and his widow claims to be a creditor to the extent of the money received by him from her, as above stated.

In converting the money to his own use, the husband was in the exercise of a legal right, which cannot now be questioned at the expense of his creditors. His subsequent expressions of regret at having used the money, makes him neither the debtor nor trustee of his wife.

The opinion of Judge Thompson contains a correct exposition of the law of the case; and for the reason given therein,

The decree is affirmed.